IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BK TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> AT&T MOBILITY, LLC, and <br> AT&T SERVICES, INC., <br><br> Defendants. | Case No.: 2:26-cv-00090 <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF BK TECHNOLOGIES, INC.'S COMPLAINT
FOR PATENT INFRINGEMENT**

Plaintiff BK Technologies, Inc. ("BK Technologies") files this Complaint for patent infringement against Defendants AT&T Mobility, LLC and AT&T Services, Inc. (collectively, "Defendants") and alleges as follows:

**THE PARTIES**

1. Plaintiff BK Technologies is a corporation registered to do business in the State of Florida, with a principal place of business at 7100 Technology Drive, West Melbourne, Florida, 32904.

2. Upon information and belief, Defendant AT&T Mobility LLC ("AT&T Mobility") is a limited liability company registered to do business in the State of Delaware, with a principal place of business at 1025 Lenox Park Blvd NE, Atlanta, Georgia 30319. Defendant AT&T Mobility, LLC may be served with process via its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or as otherwise authorized under applicable law. Upon information and belief, AT&T Mobility is a subsidiary of AT&T Inc.

3. Upon information and belief, Defendant AT&T Services, Inc. ("AT&T Services") is a corporation registered to do business in the State of Delaware, with a principal place of business at 208 S. Akard St., Dallas, Texas, 75202. Defendant AT&T Services, Inc. may be served with process via its registered agent, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or as otherwise authorized under applicable law.

## JURISDICTION AND VENUE

4. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 1 *et seq.*

6. This Court has personal jurisdiction over Defendants pursuant to the due process clause and the Texas Long-Arm statute because Defendants have regular and established places of business in the State of Texas and committed acts within this judicial district giving rise to this action.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendants have committed infringing acts in this judicial district by making, using, offering for sale, selling, or importing infringing products or services. Upon information and belief, Defendants maintain regular and established places of business in the State of Texas and this District by: (i) maintaining or controlling retail stores in this District; (ii) maintaining and operating infringing base stations in this District, including on cellular towers and other installation sites owned or leased by them; and (iii) maintaining and operating places of business in this District where

research, development, or sales are conducted, where customer service is provided, or where repairs are made.

8. Upon information and belief, Defendants own and operate the "AT&T Plano Campus" located at Plano 3400 W Plano Parkway, Plano, Texas 75075.

9. Upon information and belief, Defendants own and operate the "AT&T Foundry" located at 2900 W Plano Parkway, Plano, Texas 75075.

10. Upon information and belief, Defendants have regular and established places of business in this District, including at least retail stores located at: (i) 6000 N Central Expressway, Plano, Texas 75074; and (ii) 701 N. Central Expressway, Suite 400, Plano, Texas 75075, that sell products and/or services that are used on Defendants' cellular network.

11. Defendants, directly and/or through their subsidiaries or intermediaries, have purposefully and voluntarily placed one or more infringing products and/or services in the stream of commerce with the intention and expectation that they will be purchased and used by consumers in this District. These infringing products and/or services have been, and continue to be, made available, purchased, and/or used in this District.

12. For example, Defendants advertise their wireless networks are available in Texas, including within this District. *See, e.g.*, *Wireless Coverage Map*, AT&T, https://www.att.com/maps/wireless-coverage.html (last visited Jan. 27, 2026):



## **FACTS**

13. BK Technologies is a leader in the field of wireless communication products. BK Technologies has a long history of technological innovation, including innovation in the development of critical communication solutions for first responders and military personnel.

14. In connection with its research and development efforts, BK Technologies has developed groundbreaking inventions in the field of land mobile radios, particularly for use by emergency first responders. These inventions are currently protected by multiple United States patents, including U.S. Patent No. 11,997,568 (the "'568 Patent") and U.S. Patent No. 12,375,890 (the "'890 Patent").

15. The '568 Patent, entitled "SYSTEM AND METHOD FOR MANAGING ACCESS TO A PUSH-TO-TALK-OVER-CELLULAR COMMUNICATION NETWORK," was duly and legally issued on May 28, 2024, to BK Technologies. A true and accurate copy of the '568 Patent,

including the Certificate of Correction, is attached hereto and incorporated herein by reference as **Exhibit A**.

16. The '890 Patent, entitled "SYSTEM AND METHOD FOR MANAGING ACCESS TO A PUSH-TO-TALK-OVER-CELLULAR COMMUNICATION NETWORK," was duly and legally issued on July 29, 2025, to BK Technologies. A true and accurate copy of the '890 Patent is attached hereto and incorporated herein by reference as **Exhibit B**.

17. BK Technologies makes, distributes, offers to sell, and sells communication systems that practice the '568 Patent and the '890 Patent.

18. Defendants are competitors of BK Technologies, including in communication systems. Defendants have, upon information and belief, either alone or in concert, manufactured, distributed, sold, or offered to sell the FirstNet Fusion Communication Service in the United States, including within the State of Texas and within this District.

19. Defendants describe and advertise the FirstNet Fusion Communication Service on their website at about.att.com/story/2025/firstnet-fusion.html. A true and accurate copy of Defendants' website regarding the FirstNet Fusion Communication Service is attached hereto and incorporated by reference as **Exhibit C**. The FirstNet Fusion Communication Service is also described and advertised on the FirstNet website at https://www.firstnet.com/mission-critical/firstnet-fusion.html, which states "FirstNet Built with AT&T." A true and accurate copy of the FirstNet website regarding the FirstNet Fusion Communication Service is attached hereto and incorporated by reference as **Exhibit D**.

20. Upon information and belief, the FirstNet Fusion Communication Service infringes one or more claims of the '568 Patent, including at least Claim 1, as set forth in the claim chart attached hereto and incorporated herein by reference as **Exhibit E**.[1]

21. Upon information and belief, the FirstNet Fusion Communication Service infringes one or more claims of the '890 Patent, including at least Claim 1, as set forth in the claim chart attached hereto and incorporated herein by reference as **Exhibit F**.

22. Defendants have known of the '568 Patent, the '890 Patent, and its own infringing activities since at least as early as its receipt of a notice letter that BK Technologies sent to Defendants on November 13, 2025. A true and accurate copy of the November 13, 2025 letter is attached hereto and incorporated herein by reference as **Exhibit G**.

23. Because Defendants are using infringing technology to compete directly with BK Technologies, they are causing irreparable harm to BK Technologies, thereby forcing BK Technologies to bring this lawsuit to protect its intellectual property rights.

24. Moreover, Defendants have advertised and continue to advertise that the FirstNet Fusion Communication Service is a platform to "allow first responders to **rapidly create customizable talkgroups and channels** for always-on or on-demand needs." Exhibit C at 2 (emphasis in original).

> - Fusion will allow first responders to **rapidly create customizable talkgroups and channels** for always-on or on-demand needs. With Fusion, these groups can include more members than ever before and can be set up in seconds, compared to the hours or days required to set up similar groups on traditional radio networks.

---

[1] The claim charts attached as Exhibits E and F are preliminary and based on publicly available information. BK Technologies reserves all rights to amend, supplement, or modify these charts under the Local Rules of this Court and the Federal Rules of Civil Procedure, particularly in view of information BK Technologies obtains through fact and expert discovery.

25. Defendants further advertise that the FirstNet Fusion Communication Service "works across carriers" allowing "a non-FirstNet SIM" (i.e., a "non-subscriber") access to the FirstNet Fusion Communication Service and "[u]sers on any carrier can then communicate through Fusion talkgroups." Exhibit D at 3.

> **How does Fusion work across carriers?**
>
> Fusion works across carriers when a customer provisions Fusion licenses on users' devices that have either a FirstNet SIM or a non-FirstNet SIM. Users on any carrier can then communicate through Fusion talkgroups.

26. BK Technologies' Push-to-Talk over Cellular ("PoC") non-subscriber technology was the first communications platform of this kind to enable rapid on-demand group creation with broad membership. As discussed in BK Technologies' notice letter to Defendants, Defendants were made aware of BK Technologies' PoC non-subscriber technology on July 2, 2024. Exhibit G at 1.

27. Defendants have advertised and continue to advertise that the FirstNet Fusion Communications Service is a platform to "allow first responders to **rapidly create customizable talkgroups and channels** for always-on or on-demand needs" with knowledge that BK Technologies introduced the first non-subscriber communications platform of this kind, thus causing harm to BK Technologies' reputation as an innovator in this field.

## COUNT I – INFRINGEMENT OF THE '568 PATENT

28. BK Technologies repeats and incorporates by reference the allegations contained in the foregoing paragraphs, as if stated fully herein.

29. BK Technologies is the owner of the '568 Patent and has all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '568 Patent against infringers, and to collect damages for all relevant times.

30. Defendants have, either alone or in concert, directly infringed and continue to infringe the '568 Patent, either literally or through the doctrine of equivalents, by making, using, importing, supplying, distributing, selling, and/or offering for sale the FirstNet Fusion Communication Service within the United States, in violation of 35 U.S.C. § 271(a).

31. Defendants have likewise induced infringement of the '568 Patent in violation of 35 U.S.C. § 271(b). Defendants have had knowledge of the '568 Patent and their infringement activities at least as of November 13, 2025, when BK Technologies sent a notice letter regarding the FirstNet Fusion Communication Service. Defendants continue to actively encourage and instruct their authorized third parties, customers, and end users to use the FirstNet Fusion Communication Service in ways that directly infringe the '568 Patent. Defendants also continue to make, use, import, supply, distribute, offer for sale, and sell the FirstNet Fusion Communication Service despite their knowledge of the '568 Patent, thus specifically inducing others to infringe the '568 Patent through the normal and customary use of the FirstNet Fusion Communication Service. Accordingly, upon information and belief, Defendants specifically intended for others, such as their authorized third parties, customers, and end users, to directly infringe one or more claims of the '568 Patent in the United States because Defendants have had knowledge of the '568 Patent and actively induced others to directly infringe the '568 Patent.

32. Defendants also contributorily infringe the '568 Patent in violation of 35 U.S.C. § 271(c) by making, using, importing, supplying, distributing, offering for sale, or selling the FirstNet Fusion Communication Service, knowing it constitutes a material part of BK Technologies' invention, is especially made or adapted for an infringing use, and that it is not a staple article of commerce capable of substantial non-infringing use.

33. Upon information and belief, Defendants have made and are continuing to make unlawful gains and profits from its infringement of the '568 Patent.

34. At least as early as BK Technologies' November 13, 2025 letter, Defendants have been on notice of, and have had knowledge of, the '568 Patent and of their infringing activities. Defendants' infringement of the '568 Patent has been willful and deliberate at least since November 13, 2025.

35. BK Technologies has been damaged and irreparably harmed by Defendants' infringement of the '568 Patent for which BK Technologies is entitled to relief under 35 U.S.C. § 284. BK Technologies will continue to suffer damages and irreparable harm unless Defendants are enjoined preliminarily and permanently by this Court from continuing its infringement.

## COUNT II – INFRINGEMENT OF THE '890 PATENT

36. BK Technologies repeats and incorporates by reference the allegations contained in the foregoing paragraphs, as if stated fully herein.

37. BK Technologies is the owner of the '890 Patent and has all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '890 Patent against infringers, and to collect damages for all relevant times.

38. Defendants have, either alone or in concert, directly infringed and continue to infringe the '890 Patent, either literally or through the doctrine of equivalents, by making, using, importing, supplying, distributing, selling, and/or offering for sale the FirstNet Fusion Communication Service within the United States, in violation of 35 U.S.C. § 271(a).

39. Defendants have likewise induced infringement of the '890 Patent in violation of 35 U.S.C. § 271(b). Defendants have had knowledge of the '890 Patent and their infringement activities at least as of November 13, 2025, when BK Technologies sent a notice letter regarding

the FirstNet Fusion Communication Service. Defendants continue to actively encourage and instruct their authorized third parties, customers, and end users to use the FirstNet Fusion Communication Service in ways that directly infringe the '890 Patent. Defendants also continue to make, use, import, supply, distribute, offer for sale, and sell the FirstNet Fusion Communication Service despite their knowledge of the '890 Patent, thus specifically inducing others to infringe the '890 Patent through the normal and customary use of the FirstNet Fusion Communication Service. Accordingly, upon information and belief, Defendants specifically intended for others, such as their authorized third parties, customers, and end users, to directly infringe one or more claims of the '890 Patent in the United States because Defendants have had knowledge of the '890 Patent and actively induced others to directly infringe the '890 Patent.

40. Defendants also contributorily infringe the '890 Patent in violation of 35 U.S.C. § 271(c) by making, using, importing, supplying, distributing, offering for sale, or selling the FirstNet Fusion Communication Service, knowing it constitutes a material part of BK Technologies' invention, is especially made or adapted for an infringing use, and that it is not a staple article of commerce capable of substantial non-infringing use.

41. Upon information and belief, Defendants have made and are continuing to make unlawful gains and profits from its infringement of the '890 Patent.

42. At least as early as BK Technologies' November 13, 2025 letter, Defendants have been on notice of, and have had knowledge of, the '890 Patent and of their infringing activities. Defendants' infringement of the '890 Patent has been willful and deliberate at least since November 13, 2025.

43. BK Technologies has been damaged and irreparably harmed by Defendants' infringement of the '890 Patent for which BK Technologies is entitled to relief under 35 U.S.C.

§ 284. BK Technologies will continue to suffer damages and irreparable harm unless Defendants are enjoined preliminarily and permanently by this Court from continuing its infringement.

## ATTORNEYS' FEES

44. Pursuant to 35 U.S.C. § 285, BK Technologies is entitled to and hereby demands its reasonable attorneys' fees in this case.

## JURY DEMAND

45. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, BK Technologies respectfully requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, BK Technologies respectfully asks that the Court issue citation for Defendants to appear and answer and seeks the following additional relief:

A. that Defendants be declared to have directly infringed, induced infringement, or contributed to infringement and continue to directly infringe, induce others to infringe, and/or contribute to the infringement of one or more of the claims of the '568 Patent under 35 U.S.C. § 271;

B. that Defendants be declared to have directly infringed, induced infringement, or contributed to infringement and continue to directly infringe, induce others to infringe, and/or contribute to the infringement of one or more of the claims of the '890 Patent under 35 U.S.C. § 271;

C. that the Court issue a preliminary and permanent injunction pursuant to 35 U.S.C. § 283 against the continuing infringements of the claims of the '568 Patent by Defendants, their officers, agents, employees, attorneys, representatives, and all others acting in concert therewith;

  D. that the Court issue a preliminary and permanent injunction pursuant to 35 U.S.C. § 283 against the continuing infringements of the claims of the '890 Patent by Defendants, their officers, agents, employees, attorneys, representatives, and all others acting in concert therewith;

  E. that the Court order an accounting for all monies received by or on behalf of Defendants and all damages sustained by BK Technologies as a result of Defendants' aforementioned infringements, that such monies and damages be awarded to BK Technologies, and that interest and costs be assessed against Defendants pursuant to 35 U.S.C. § 284;

  F. that the Court declare that Defendants' infringement was and is willful from the time they became aware of the infringing nature of their product and award treble damages for the period of such willful infringement of the '568 Patent, pursuant to 35 U.S.C. § 284;

  G. that the Court declare that Defendants' infringement was and is willful from the time they became aware of the infringing nature of their product and award treble damages for the period of such willful infringement of the '890 Patent, pursuant to 35 U.S.C. § 284;

  H. that the Court declare this an exceptional case and order that Defendants pay to BK Technologies its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285; and

  I. that the Court award such further and other relief to BK Technologies as the Court deems just, together with its costs and disbursements in this action.

February 3, 2026                              Respectfully submitted,

                By: */s/ Eric H. Findlay*
                Eric H. Findlay
                Texas Bar No.: 00789886
                T: 903-534-1100
                Email: efindlay@findlaycraft.com
                **FINDLAY CRAFT, P.C.**
                7270 Crosswater Avenue, Suite B
                Tyler, Texas 75703

                Barry J. Herman (Lead Attorney)
                Maryland Federal Bar No. 26061
                Julie C. Giardina
                Maryland Federal Bar No. 21085
                **WOMBLE BOND DICKINSON (US) LLP**
                100 Light St, 26th Floor
                Baltimore, MD 21202
                Telephone: (410) 545-5830
                Email: Barry.Herman@wbd-us.com
                Email: Julie.Giardina@wbd-us.com

                James Dority (*pro hac vice* to be filed)
                South Carolina Bar No.: 104627
                **WOMBLE BOND DICKINSON (US) LLP**
                550 South Main Street, Suite 400
                Greenville, SC 29601
                Telephone: (864) 255-5412
                Email: James.Dority@wbd-us.com

                *Attorneys for Plaintiff BK Technologies, Inc.*